UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Abdul Hassan,

Petitioner,

v.

MEMORANDUM OPINION
AND ORDER
Civil No. 00-1091 (MJD/JGL)

Janet Reno, et al.

Respondents.

---

M. Audrey Carr, Michele Garnett, Minnesota Advocates for Human Rights and Robert Gilbertson, Robins, Kaplan, Miller & Ciresi, for and on behalf of Petitioner.

Paul D. Kovac, Office of Immigration Litigation, U.S. Department of Justice and Robyn A. Millenacker, Assistant United States Attorney for and on behalf of Respondents.

---

Before the Court is a Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241.

Petitioner is a native and citizen of Somalia. He asserts that he was forced to leave Somalia in 1991 as a result of the civil war. Thereafter, he lived in Ethiopia with a sister, and then moved to Nairobi, Kenya. He left Kenya in 1996, and entered the U.S. without inspection from Mexico. He immediately applied for asylum, but an INS Asylum Officer denied such request on July 18, 1996.

At his deportation hearing before an Immigration Judge on February 19, 1997, Petitioner presented his application for asylum and withholding of deportation, and in the alternative, Petitioner requested voluntary departure in

JUN 26 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

lieu of deportation. At the hearing, Petitioner was given the opportunity to present testimony in support of his claim for asylum. At the conclusion of the hearing, the Immigration Judge denied the application for asylum on the basis that Petitioner had failed to establish a well-founded fear of persecution if returned to Somalia. He was granted voluntary departure for a period of thirty days, with an alternate order of deportation to Somalia should the Petitioner fail to timely depart.

On March 11, 1997, Petitioner appealed this decision to the Board of Immigration Appeals ("BIA") pro se. In this appeal, Petitioner did not contest deportation to Somalia. Rather, he challenged only the denial of his asylum claim. Subsequent to the filing, Petitioner moved to a new address. He provided his change of address to the INS, but not to the BIA. When correspondence from the BIA was returned, the BIA dismissed his appeal as "moot" and "abandoned". On November 27, 1998, the INS issued Petitioner an Order of Suspension, which permitted him to remain out of custody under certain conditions. The Order of Suspension was canceled by the INS on April 4, 2000. It was at this time that the Petitioner was first notified that he would be deported to the Republic of Somaliland.

On April 28, 2000, Petitioner filed this habeas petition. In his petition, Petitioner asserts that: 1) his substantive and procedural due process rights are violated by the deportation to the Republic of Somaliland because this was not the country designated by the Immigration Judge for deportation; and 2) the INS

cannot remove an alien to a country under civil strife and with no recognized government.

ARGUMENT

As a result of the civil war, Somalia has no central government and has been divided into various regions based on ethnic and tribal lines. Respondent Ex. B., 1998 United Nations Global Report on Somalia, p. 2, 15, and 29. One of these regions, the Republic of Somaliland, which is located in the northwest portion of Somalia, has declared independence from Somalia. It has established a government, which includes a parliament, a civil court system, executive departments, regional governors and municipal authorities in major towns. Petitioner Ex. 4, U.S. Department of State, Human Rights Reports for 1999, p. 1. Although the Republic of Somaliland has declared itself independent, the international community has not officially recognized it as an independent nation. Respondent Ex. B., at 96. It is, however, considered by the United Nations to be a "zone of recovery" because of its political and economic recovery efforts. Id. at 31.

Because there is no central government, there is no agreement in place between the U.S. and Somalia under which the U.S. may remove Somali nationals to Somalia, nor is there competent authority to issue passports or other travel documentation in Somalia. Voluntary repatriation efforts are currently underway. Respondent Ex. B., p. 94.

Petitioner was born in Mogadishu, Somalia and remained there until he was forced to leave in 1991. Mogadishu is not within the borders of the Republic

of Somaliland. Petitioner asserts that he is a member of the Darod tribe, yet the Republic of Somaliland is primarily occupied by people of the Digil and Dir clans. As he is not a member of either of those clans, he fears for his life if deported to that region given the history of fighting between clans.

Petitioner argues that due process requires that he be given notice of where he is to be removed, and be given an opportunity to present evidence that he qualifies for relief from deportation or removal to that country. Petitioner asserts that because he has not been given the opportunity to present evidence of his fear of persecution if deported to the Republic of Somaliland, his right to due process has been violated.

Jurisdiction

The government argues that pursuant to the recent amendments to the Immigration and Nationality Act, 8 U.S.C. § 1101 et seq. ("INA"), this Court does not have jurisdiction to review the decision of the Attorney General to execute the removal order at issue. In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, 1268, 1276-77 and the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009-546 enacted September 30, 1996 as amended by Act of October 11, 1996 Pub. L. No. 104-302, 110 Stat. 3656. Both AEDPA and IIRIRA contain jurisdictional limitations to the INA. For instance, Section 440(d) of AEDPA repealed old Section 106 of the INA that provided for habeas review for aliens held in custody per final order of deportation. The IIRIRA also amended Section 106 of the INA by adding the following provision:

> Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act.

INA § 242(g), 8 U.S.C. § 1252(g).

The amendments to the INA do not apply, however, to immigrants whose deportation proceedings commenced before April 1, 1997 and for which a final order of deportation was entered on or after October 1, 1996. In such cases, the transitional rules of IIRIRA apply. Shah v. Reno, 184 F.3d 719, 722 (8th Cir. 1999). The parties do not contest that Petitioner is subject to the transitional rules.

The government argues that because Petitioner is not a criminal alien, and because he is not seeking review of a final order of deportation, § 242(g) of the INA applies. In support, the government relies on Reno v. America-Arab Anti-Discrimination Committee, 525 U.S. 471 (1999). In AAADC, the Court held that generally the amendments to the INA do not apply to transitional aliens, including the judicial review procedures of § 242(g). Id., at 476. Notwithstanding, the Court held that § 242(g) does apply to bar judicial review of any discretionary decision of the Attorney General to "commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act." Id. The government argues that in his petition, the Petitioner is, in fact, challenging the Attorney General's decision to execute his removal order. Therefore, judicial review is barred.

The government has mischaracterized Petitioner's claim. He is not challenging the Attorney General's discretion in executing a proper removal order.

Instead, he is arguing that the removal order issued by the Immigration Judge ordered removal to Somalia, not to the Republic of Somaliland. He is thus asserting a constitutional challenge to the Attorney General's attempt to deport him to a location not authorized by INA rules and regulations. Accordingly, the Court finds that § 242(g) does not apply to this case. See, Shah, 184 F.3d at 722 (Section 242(g) does not apply to petitions for review of final orders of deportation or with any sort of review of such orders.) See also, Bowrin v. U.S. Immigration & Naturalization Service, 194 F.3d 483, 488 (4th Cir. 1999)(§ 242(g) does not apply to agency interpretations of statutes).

Petitioner argues that this Court does have jurisdiction to determine petitions filed pursuant to 28 U.S.C. § 2241, relying on the recent Eighth Circuit decision in Shah, supra. In that case, the Eighth Circuit held that despite the amendments to the INA limiting judicial review, the right to seek habeas review under 28 U.S.C. § 2241 remained available to a criminal aliens subject to the IIRIRA's transitional rules. In reaching this determination, the court invoked the traditional canons of statutory interpretation that provided that habeas corpus cannot be repealed by implication. Id. at 723. Neither AEDPA nor the IIRIRA mention the general habeas corpus statute, 28 U.S.C. § 2241. Thus, to avoid the difficult questions that would arise under the Suspension Clause[1], the statutes must be construed to provide that this remedy survives. Id. See also, Reyes-Lechuga v. Reno, 183F.3d 867 (8th Cir. 1999)(same).

The government asserts, however, that Shah is not applicable here because it involved an alien who was deportable by virtue of his criminal convictions, and because the petition contained a colorable statutory or constitutional claim. As the Petitioner has not been convicted of a crime, and as there is no evidence that the Republic of Somaliland is a distinct country from Somalia, or that he faces danger if sent to Somaliland, Petitioner has not asserted a colorable claim. The government further notes that every other circuit opinion that has addressed whether a district court has jurisdiction to hear a habeas petition filed pursuant to 28 U.S.C. § 2241 for transitional aliens has involved aliens deportable by virtue of a criminal conviction and has asserted a colorable claim. See eg., Fedorca v. Perryman, 197 F.3d 236 (7th Cir. 1999); Jurado-Gutierrez v. Greene, 190 F.3d 1135 (10th Cir. 1999) cert. denied, 120 S.Ct. 1539 (Mar. 27, 2000); Goncalves v. Reno, 144 F.3d 110 (1st Cir. 1998) cert. denied, 526 U.S. 1004 (Mar. 8, 1999).

The government reads this line of cases too narrowly. Nothing in these cases expressly limits the holding to criminal aliens. Rather, the central point of these cases is that the right to seek habeas relief under 28 U.S.C. § 2241 cannot be repealed by implication. Because neither AEDPA nor IIRIRA explicitly mentions 28 U.S.C. § 2241, the statutes were interpreted in a way to avoid difficult questions with regard to the Suspension Clause. The Court also finds that like aliens deported by virtue of a criminal conviction, the Petitioner has no other means by which to seek review of the decision to deport him to the Republic of

---

[1] The Suspension Clause provides: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." United

Somaliland. The government argues that Petitioner did have an opportunity to seek review by the court of appeals if he had obtained a decision by the BIA. Even if Petitioner had sought such relief, the Petitioner would not have had reason to bring forth evidence concerning the Republic of Somaliland as the determination to deport him to that area was not made until April 2000. Thus, like the criminal alien, Petitioner does not have available to him a means to challenge deportation to the Republic of Somaliland. Accordingly, the Court finds that Shah is, in fact, applicable to the petition currently before the Court. The Court thus has jurisdiction to hear the present petition.

The Court also finds that Petitioner has asserted a colorable constitutional claim. If Petitioner has evidence available which will support his fear of persecution if returned to the Republic of Somaliland, due process requires that he be provided the opportunity to present such evidence. There can be no dispute that Petitioner has not yet had the opportunity to present such evidence. For this reason, the Court also rejects the government's argument as to exhaustion of administrative remedies.

The Court, having determined that it has jurisdiction to hear the present petition, will address the merits of Petitioner's claim. The government argues that deportation to the Republic of Somaliland is appropriate pursuant to INA § 243 (a), 8 U.S.C. § 1253(a)(1994). The government argues that the Republic of Somaliland is not separate from Somalia, therefore the final order of deportation is being followed by its terms. The government also asserts that given the efforts

---

States Const. Art. I, Clause 2.

of the Republic of Somaliland to attain political and economic recovery, deportation there is appropriate.

Petitioner responds that deportation to the Republic of Somaliland is not the same as deportation to Somalia. Evidence has been presented to the Court which shows that the Republic of Somaliland continues to seek independence, and which suggests that some countries have agreed to deal directly with the government of Somaliland, rather than with clans or clan fractions. Respondent Ex. B., p. 15. Because of the undisputed distrust between the clans and the recent history of violence in Somalia, the Court agrees that Petitioner must be given the opportunity to present evidence of his fear of persecution prior to deportation. While the Court acknowledges the Attorney General's broad discretion in designating the country of deportation, the Attorney General is directed, nonetheless, not to deport any alien to a country in which such alien's life or freedom will be threatened. 8 U.S.C. § 1253(h)(1994). Justice requires that Petitioner be given the opportunity, at least, to present evidence on this issue.

Finally, Petitioner seeks release from INS custody pending the hearing on his claim of persecution if deported to the Republic of Somaliland. The government asserts that Petitioner is properly in the custody of the INS pursuant to 8 C.F.R. § 236.1. Petitioner has not presented the Court any authority or argument to support his request for release. Accordingly, such request must be denied.

IT IS HEREBY ORDERED that the petition for habeas corpus is granted in part and denied in part. The Respondent is enjoined from deporting Petitioner to

the Republic of Somaliland pending a hearing to determine whether the Republic of Somaliland is the appropriate country for deportation. Pending this hearing, Petitioner shall remain in the custody of the INS.

Date: 6·26·00

Michael J. Davis
United States District Court